Cochancela v Sutton Place S. Corp. (2025 NY Slip Op 07221)

Cochancela v Sutton Place S. Corp.

2025 NY Slip Op 07221

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 162498/19|Appeal No. 5448|Case No. 2024-06708|

[*1]Wilson Bolivar Chacho Cochancela, Plaintiff-Respondent,
v
Sutton Place South Corporation, et al., Defendants-Appellants, Polar Contracting, Inc., Defendant.

Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for appellants.
Liakas Law, P.C., New York (Sagar Chadha of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 22, 2024, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and denied the motion of defendants Sutton Place South Corporation and Clark Construction Corporation for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
Plaintiff was injured while working on a construction project on the seventh floor at a building owned by defendant Sutton Place and for which defendant Clark Construction was the general contractor. Plaintiff, in accordance with his foreman's instructions, was carrying a 70-75 pound, unwieldy 4' x 8' piece of sheetrock board down the service door stairway, using both hands to control the board as he stepped down, which precluded him from utilizing a handrail to maintain his balance.
Plaintiff established his entitlement to judgment as a matter of law as to liability on his Labor Law § 240(1) cause of action. "[D]efendants were required to provide [him] with an adequate safety device for the task of carrying the . . . [sheetrock board] down the stairs . . . and the absence of a safety device was the direct cause of plaintiff's injury" (Caba v 587-91 Third Owner, LLC, 213 AD3d 520, 521 [1st Dept 2023]; see also DaSilva v Toll GC LLC, 224 AD3d 540, 541 [1st Dept 2024]; Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655, 655 [1st Dept 2018]). Whether plaintiff mis-stepped, tripped, slipped, or lost his balance, gravitational forces propelled him down an elevated work platform — namely, the stairway — causing his accident (see DaSilva, 224 AD3d at 541). Nor does the fact that the stairway was a permanent structure remove it from the ambit of Labor Law § 240(1) as it constitutes an elevated work platform, and it was the sole means of access to the service elevator plaintiff was required to use to transport the sheetrock boards to the seventh floor (see id.). For the same reason, Supreme Court properly denied defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim.
This determination renders plaintiff's Labor Law §§ 241(6) and 200 claims academic (see Caba, 213 AD3d at 521).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025